East'n. District.
*Feb.* 1825.

LACROIX
*vs.*
MENARD & AL.

———⬥———

## LOUISIANA STATE BANK vs. FLOOD.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiffs, endorsers of the defendant's note, demand its payment. The answer denies the plaintiffs' legal existence as a corporation, and that a true, just and legal election of officers to conduct their affairs was held. The general issue was also pleaded.

The plaintiffs had a verdict and judgment, and the defendant appealed.

The case has been submitted on the following agreement of the counsel:

Whether the distinction of *public* and *private* acts of the legislature, be known in this state?

If it be, the act, incorporating the state bank, is a public one.

A party sued by the state bank cannot plead that the directors have neglected to take the oath required by law.

East'n. District.
*Feb.* 1825.

LOUISIANA
STATE BANK
*vs.*
FLOOD.

At the trial, the plaintiffs introduced in evidence before the jury, a pamphlet of the laws of the state, printed by the printer to the state; to the introduction of which, the defendant objected—insisting the pamphlet was no evidence of the plaintiff's incorporation, which was a private act, and ought to be proven by a certified copy of it.

The defendant's counsel requested the court to instruct the jury, that the directors, cashier and officers of the bank were bound to take the oath prescribed by the act of 1823, March 26, § 7, and until the oath was taken, the plaintiffs could not maintain this action.

The court having admitted the pamphlet in evidence, and refused to give the charge, the defendant's counsel excepted to this opinion.

Admitting the distinction of public and private acts, and the consequent difference of the mode of proof; we think the court did not err. The act of the plaintiff's incorporation is a public one. The state has a large interest secured by it. It imposes duties to be performed by the treasurer, governor and the senate, and vests certain rights in every individual wishing to avail himself of them. 4 *Cranch.*

The defendant had not complained, that the

oath required by the act of 1823, had not been taken. The truth, justice and legality of the election had only been denied. Now, the election is the act of the *electors*, and complete when the ballots are counted and recorded. The qualifying of the elected, is a distinct act, not of the latter, nor of the former. Before it, the elected officers may not be authorized to act, but the election is nevertheless true, just and legal, and cannot become unjust, untrue, or illegal, by the omission of the persons elected to qualify themselves. The counsel of the bank came ready to shew the election was justly, truly, and illegally *holden*--that alone was *denied* or complained of. The court, therefore, ought to have refused to give the charge, because not pertinent to the issue, the jury was sworn to try.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Grymes* for the plaintiffs, *Hennen* for the defendant.